B. J.. CAVANAGH et al., Appellants, v. CITY OF DES MOINES
et al., Appellees.

MUNICIPAL CORPORATIONS:    Public Improvements—Assessment
1  of Benefits—Lump Sum Assessment Against Entire Tract.    An
   assessment of the entire cost of a street improvement, *in a
   lump sum*, against each and all the lots in a tract of land, is
   a nullity.. Sections 821 to 823, inc., Code, 1897.

MUNICIPAL CORPORATIONS:      Public    Improvements—Assess-
2  ment of Benefits—Objections—Void Assessment.    It is not nec-
   essary to appeal from the action of the. city council in an
   assessment proceeding which is void.

APPEAL AND ERROR:    Reversal—Inconsistent Decrees.    A rever-
3  sal (all parties being before the court) necessarily follows the
   entry of a decree which grants relief to one litigant and refuses
   the same relief to another litigant occupying identically the
   same position.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

. TUESDAY, APRIL 3, 1917.

SUIT in equity against the city of Des Moines to cancel
a certain assessment for street improvements, on the ground
that the city had no power to make the same, and that such
assessment was void.    Berryhill joined with the plaintiff as
intervener.    The trial court entered a decree cancelling the
assessment as to the intervener and dismissing the peti-
tion as to the plaintiff.    The plaintiff has appealed.    Subse-
quently, the city of Des Moines also appealed from the de-
cree in favor of the intervener.    *Reversed* on plaintiff's ap-
peal.    *Modified and Affirmed* on defendant's appeal.

*A. K. Little,* for appellant.

*H. W. Byers, Eskil C. Carlson, Earl M. Steer* and *Hen-
ry & Henry,* for appellees.

1. MUNICIPAL COR-
PORATIONS:
public improve-
ments: assess-
ment of bene-
fits: lump sum
assessment
against entire
tract.

EVANS, J.—On or about July 1, 1913. Berryhill was the owner of the southwest quarter of the southwest quarter of Section 14-78-24, within the city of Des Moines. On or about said date, this tract was platted into city lots and streets, and the plat was duly recorded. The following is a copy thereof:

At about the same time, Berryhill sold to the plaintiff Cavanagh 14 of such lots. He also sold many lots to other persons who are not parties to this case. The ownership of the remaining lots is in Berryhill. The street improvement in question consisted of a sidewalk laid along the east side of Southeast Fourteenth Street. Eighteen of the lots in question abut thereon. Instead of apportioning the

cost and assessing against each abutting lot its appropriate part of the cost of improvement, the city council assessed the sum total of cost (being $560) against the entire tract, under the description "Southwest quarter of the southwest quarter 14-78-24." The contention for the appellant is that there was no power in the city council to make an assessment in such form. The effect of the assessment was clearly to subject each and every lot in the plat to the payment of the full cost of the improvement, regardless of benefits, regardless of value, and regardless of location as abutting or non-abutting property. Some of the lots of plaintiff abutted upon the improvement and some did not. Likewise, some of the lots of the intervener abutted upon the improvement and some did not.

2. MUNICIPAL CORPORATIONS: public improvements: assessment of benefits: objections: void assessment.

The contention for the city is that the only remedy available to the plaintiff was to appeal from the action of the city council in making the illegal assessment. If this be a correct contention, then, of course, the assessment itself cannot be set aside, so far as the city is concerned. Even then, however, a situation is presented which would call for the aid of a court of equity in the equitable distribution of the burden thus imposed. In such a case, the only possible guide for the action of a court of equity in making such distribution would be to follow the provisions of the statute which govern the action of the city council in such matters. The situation

3. APPEAL AND ERROR: reversal: inconsistent decrees.

created by the action of the city council was bad enough, but this was made still worse by the decree of the trial court, in that the trial court sustained the attack of the intervener Berryhill upon the assessment and cancelled the same as against all his lots. By the same decree, relief was refused to the plaintiff. The effect of this decree was not only to refuse relief to the plaintiff, but it doubled the burden which the city

council had put upon him. It is clear to us that there was no warrant in granting relief to one plaintiff and refusing it to the other. The grounds of attack were, in all material respects, the same, and the defendants' answer to the petition of each was precisely the same. If the assessment was void as to Berryhill, it was necessarily so as to Cavanagh, and vice versa. It is claimed in argument for the defendant city that the plaintiff Cavanagh appeared in response to the notice of assessment and objected to the assessment *in toto,* on grounds other than are now presented; whereas the intervener Berryhill made no response to the notice and did not appear. It is argued, therefore, that Cavanagh submitted to the jurisdiction of the council, even though it were held that Berryhill did not. No such fact was pleaded by the defendant in its answer. On the contrary, it expressly pleaded, both as to Cavanagh and Berryhill, that each *failed* to make objections before the city council. There does appear in evidence a paper whereby Cavanagh purports to "protest" against any assessment against him or against any of his lots, naming them, on the ground that the contract was not properly performed. This paper was introduced in evidence over the objection of the plaintiff as to its materiality and relevancy. We think it was clearly irrelevant to any issue as made by the pleadings. This irrelevancy is emphasized by the fact, apparent from the paper, that it was proposed to make an assessment against other property of Cavanagh adjoining this tract, viz.: the northwest quarter of the southwest quarter. This property was covered in his protest. If an issue had been made by the pleadings at this point, it might well appear that it was the notice of this assessment that brought Cavanagh before the council; because the notice of assessment of the property involved in this suit was not addressed to Cavanagh at all, but to Berryhill alone. We find, therefore, that there was no difference before the court in the standing of

the plaintiff and the intervener, and the decree entered below must be reversed, either in favor of the city and against the intervener, or against the city and in favor of the plaintiff. To reverse the decree in favor of the city would leave a situation, as already indicated, which would clearly call for equitable relief in some form. If the case presented is one for equitable relief in some form, it cannot well be claimed that there is lack of equitable jurisdiction.

As the case is presented, the controlling question in it is: Did the city council have power to make a lump assessment of $560 against all the lots in this tract without any apportionment or distribution? Section 821, Code, 1897, provides as follows:

"In assessing that part of the cost of the making or reconstruction of any street improvement or sewer, or completed part thereof, which is assessable against the lots or parcels of ground abutting thereon, or, in case of sewers, adjacent thereto, the council, or board of public works where such board exists, shall cause to be prepared a plat of the streets, avenues, highways, alleys, or the part thereof on which the same shall have been made or reconstructed, showing the separate lots or parcels of ground, or specified portion thereof, subject to assessment for such improvement, the names of the owners thereof as far as practicable, and the amount to be assessed against each lot or parcel of ground, and against any railway or street railway, and shall file said plat and schedule in the office of the clerk, which shall be subject to public inspection."

Section 823, Code Supplement, 1913, provides for notice of assessment as follows: "After filing the plat and schedule, the council shall give notice by two publications," etc. It may be observed that Section 821 is very specific in its mandates, requiring a complete plat, showing streets and lots, and showing the amount to be assessed against "each lot or parcel."

That the distribution of the burden contemplated by this statute is of the very essence of equity is well illustrated in the case before us. If these requirements were eliminated, property owners would be driven incessantly into the courts of equity in order to sever their burdens from the burdens of others. The statute does not confer upon the city council power to create joint liabilities against. record owners in severalty, nor even against the separate properties of the same owner. There are two phases to the question at this point:

(1) The authority to give notice of assessment and to fix a date of hearing, under Section 823, is conferred upon the city council only "after" a substantial compliance with Section 821. There was no substantial compliance with such section. It was practically ignored by the city council. Was there any power, therefore, in the city council to proceed under Section 823 before complying with Section 821? Without the plat and schedule provided for by Section 821, what issue could be heard under Section 823? The issue to be heard under the latter section is made by the provisions of the former section. There is much force in the contention, therefore, that substantial compliance with Section 821 is a condition precedent to the exercise of the power conferred by Section 823. We pass, however, to the second phase of the question.

(2) If Section 821 had been substantially complied with by the city council, even then it would have had no power to make the lump assessment which it did make. This proposition is, of itself, quite decisive of the case. The briefs present to us our more recent cases wherein we have held that errors and irregularities of procedure of city councils must be assailed by appropriate objections and by appeal. We need not review these. If the final action of the city council were assailed only on the ground that irregular and erroneous procedure had preceded it,

there would be room for argument, but such is not the case. If the council had attained perfection of procedure, and had complied with every prerequisite of the statute, without error or irregularity of any kind, it would yet lack power to create a joint liability by lump assessment against all the parcels of property involved in this plat. In other words, it had no power through any procedure to do what it purported to do. The action of the city council was something more than error or irregularity. It was clearly an unauthorized exercise of power—a power which it was not authorized to exercise by any procedure.

We reach the conclusion that the decree of the district court must be reversed on plaintiff's appeal and affirmed on the appeal of the city, with this modification, that the case be remanded for further proceedings, and that jurisdiction be reserved to the city of Des Moines to comply with the provisions of Sections 821 and 823, and to re-assess the cost of the improvement in accordance therewith. *Reversed* on plaintiff's appeal and *Modified and Affirmed* on defendant's appeal.

GAYNOR, C. J., LADD and SALINGER, JJ., concur.